**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOHN PEROTTI,<br>    Plaintiff, | Case No. 1:18-cv-482 |
| vs | Black, J.<br>Litkovitz, M.J. |
| CHIEF INSPECTOR ROGER WILSON, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, brings this civil rights action against SOCF employees Chief Inspector Roger Wilson, Warden Ron Erdos, Administrative Assistant Ron Edwards, and Institutional Inspector Linnea Mahlman for alleged violations of plaintiff's constitutional rights at SOCF. Plaintiff has paid the filing fee.

This matter is before the Court for a *sua sponte* review of the complaint (Doc. 1), as supplemented (Docs. 5, 11), to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b). Also before the Court are plaintiff's Motion for Temporary Restraining Order (Doc. 2), which seeks an Order from the Court enjoining defendant Erdos from destroying plaintiff's stored case files and discovery documents at SOCF; plaintiff's Motion for Court Copies of Exhibits (Doc. 14); plaintiff's Motion for Copy of Exhibits to Complaint (Doc. 15); and plaintiff's Motion to Order U.S. Marshall to Serve the Summons and Complaint on Each Defendant (Doc. 17).

The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has

paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

I.  **Screening of Complaint**

   A.  **Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed

2

by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    **B.    Plaintiff's Complaint**

Plaintiff has filed a five-count complaint against the defendants. In Count One, which

plaintiff purports to bring under the First, Fourth, Eighth, and Fourteenth Amendments, plaintiff alleges that he is a certified paralegal and writ writer and is litigating numerous civil cases. He asserts that between 1978 and 2003 officials at SOCF permitted him to store active legal files that would not fit in his cell in a property room. He further asserts that between 2004 and 2016, while he was in federal custody, he was permitted to store his active legal files in a legal locker. According to plaintiff, upon his subsequent return to state custody, officials at the Mansfield Correctional Institution permitted him to store legal files that would not fit in his cell in a locked supply closet. He alleges that in April 2018 his security was increased and he was transferred to SOCF. Plaintiff claims that he was initially permitted to keep one tub of active legal files in his cell and two tubs in the property room. He claims, however, that defendants Erdos, Edwards, and Mahlman later informed him that his active legal files would no longer be stored in the property room and that plaintiff would have to mail out the files or they would be destroyed. Plaintiff asserts that he has nowhere to send the documents and without them will lose his lawsuits and writs. He further alleges that defendants are retaliating against him for his "past and present litigations." (Doc. 11, at PageID 118).

In Count Two, which plaintiff purports to bring under the First, Fourth, Eighth, and Fourteenth Amendments, plaintiff alleges that, because he was successful in a federal lawsuit against SOCF in 1992 and notified the Court in another lawsuit in 2002 about alleged nepotism at SOCF, he has been retaliated against through the denial of access to his active case files and medically prescribed CPAP breathing machine,[1] the filing of falsified conduct reports, the destruction of personal and legal property, and the withholding of public records from the Ohio

---

[1] Plaintiff alleges that he was prescribed the CPAP machine in 2015 for sleep apnea. (Doc. 11, at PageID 121).

4

State Board of Nursing. He further alleges that defendants Erdos, Edwards, and Mahlman are ignoring continued nepotism at SOCF. (Doc. 11, at PageID 119-20).

In Count Three, plaintiff alleges that defendants are violating Ohio criminal statutes prohibiting interfering with civil rights, *see* Ohio Rev. Code § 2921.45, retaliation, *see* Ohio Rev. Code § 2921.05, and intimidation of witnesses, *see* Ohio Rev. Code § 2921.03. Plaintiff contends that he has sent a letter to the Scioto County Prosecutor's Office and a judge asking them to intervene. (Doc. 11 PageID 120-21).

In Count Four, plaintiff alleges that defendants have subjected him to cruel and unusual punishment by allegedly denying him his CPAP machine, withholding distilled water and an electrical cord needed to operate the CPAP machine, placing him in a cellblock that does not allow electrical devices, and, when he complained about not having electricity, placing him in a cellblock that does not have electrical outlets in the cells. (Doc. 11, at PageID 121).

In Count Five, which plaintiff purports to bring under the First, Fourth, Eighth, and Fourteenth Amendments, plaintiff alleges that he made a public records requests to the Ohio Board of Nursing "to check proper licensing and/or possible disciplinary action against SOCF nurses." Plaintiff alleges that on or about June 14, 2018, "C/O Madarsi," who is not named as a defendant, opened the material plaintiff received from the Ohio Board of Nursing without treating it as legal mail. Plaintiff further alleges that C/O Madarsi classified the material as "nuisance contraband." (Doc. 11, at PageID 121-22).

Plaintiff alleges that defendants had him placed in the "hole" and delayed giving him a contraband withholding form until June 28, 2018, which "was four days after the required tim[e] limit in which to dispose of the 'contraband' item by returning it to the sender." Plaintiff further

5

alleges that defendants took the confiscated material and gave it to the nursing staff at SOCF. Plaintiff contends that he was deprived of a formal appeal procedure and that his attempts at emergency appeals were unsuccessful. (Doc. 11, at PageID 122).

For relief, plaintiff seeks monetary, declaratory and injunctive relief. (Doc. 11, at PageID 122-23).

C. **Analysis of Complaint**

At this stage of the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed on his First Amendment access-to-courts claim against defendants Erdos, Edwards, and Mahlman in Count One; his Eighth Amendment deliberate-indifference claim against defendants Erdos, Edwards, Mahlman, and Wilson in Count Four; and his claim under the First and Fourteenth Amendments against defendants Erdos, Edwards, Mahlman, and Wilson in Count Five for their alleged mishandling of plaintiff's mail. These claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(A)(b). However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir.

6

1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Next, Count One should be dismissed as to defendant Wilson because plaintiff has not alleged any facts suggesting that Wilson had any involvement in the incidents giving rise to this claim. It is not enough to allege that Wilson denied grievances concerning the alleged handling of plaintiff's case files. (*See* Doc. 11, at PageID 118). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, to the extent plaintiff complains that Wilson failed to properly respond to his complaints, plaintiff fails to state a claim for relief because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998

7

WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

Further, plaintiff's Fourth and Eighth Amendment claims set forth in Counts One and Five should be dismissed. As to plaintiff's Fourth Amendment claims, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Nor does a Fourth Amendment privacy interest extend to a prisoner's stored property. *See, e.g., United States v. Parr*, No. 04-cr-235, 2006 WL 689133, at *4 (E.D. Wis. Mar. 16, 2006) (finding that prisoner did not have expectation of privacy over property held in storage). As for plaintiff's claim regarding his mail, it "is more appropriately considered under the First Amendment." *Horacek v. Grey,* No. 1:09-cv-96, 2010 WL 914819, at * 5 (W.D. Mich. Mar. 12, 2010) (quoting *Thomas v. Kramer*, No. 2:08-cv-544, 2009 WL 937272, at *2 (E.D. Cal. Apr. 7, 2009)). As to plaintiff's Eighth Amendment claims, his allegations are insufficient to rise to the level of an Eighth Amendment violation. The Eighth Amendment governs deprivations "of the minimal civilized measure of life's necessities," as measured under a contemporary standard of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff's allegations regarding the alleged deprivation of his legal files and mail do not rise to this level. *See, e.g., Thomas v. New Mexico Corr. Dep't.*, 272 F. App'x 727, 729-30 (10th Cir. 2008); *Durham v. Dep't of Corr.*, 173 F. App'x 154, 156 (3d Cir. 2006).

Nor does Count One state a Fourteenth Amendment claim. Plaintiff has not alleged the inadequacy of available post-deprivation remedies. *See Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson*, 468 U.S.at 533. "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004).

8

Accordingly, in order to state a procedural due process claim under § 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff also has not stated a retaliation claim in Counts One and Two. To state a viable claim of retaliation, plaintiff must allege facts showing that "(1) he engaged in protected conduct; (2) the defendant[s] took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Ruttler*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.

Even assuming *arguendo* that plaintiff has been engaged in protected conduct given his filing of lawsuits, plaintiff has not alleged any facts showing a causal connection between the protected activity and defendants' alleged actions. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). To the extent that plaintiff attempts to suggest a retaliatory motive through allegations that

9

defendants Erdos, Edwards, and Mahlman are ignoring continued nepotism at SOCF (*see* Doc. 11, at PageID 120), these conclusory and ambiguous allegations are insufficient to show a retaliatory motive. *See Brandon v. Bergh*, No. 2:08-cv-152, 2010 WL 188731, at *7 (W.D. Mich. Jan. 16, 2010) (finding that ambiguous evidence failed to support retaliation claim). Moreover, the extended period of time between the protected activity (plaintiff's litigation in 1992 and 2002) and the alleged adverse actions in 2018 negates any inference of causal connection. *Cf. Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (recognizing that in certain circumstances close temporal proximity may give rise to an inference of retaliatory motive).

Additionally, to the extent that plaintiff attempts to allege a Fourth, Eighth, and Fourteenth Amendment claim in Count Two, or a retaliation claim in Count IV, he has not alleged sufficient facts to so. *See Twombly*, 550 U.S. at 555 (stating that a complaint must provide more than "labels and conclusions").

Finally, Count Three should be dismissed for failure to state a claim for relief. Courts in Ohio have held that a plaintiff cannot assert a claim predicated upon an alleged violation of a criminal statute because "[c]riminal violations are brought not in the name of an individual but rather by, and on behalf of, the state of Ohio or its political subdivisions." *Biomedical Innovations, Inc. v. McLaughlin*, 658 N.E.2d 1084, 1086 (Ohio 1995). *See also Culberson v. Doan*, 125 F. Supp.2d 252, 279-80 (S.D. Ohio 2000) (applying the principles of Ohio law set forth in *Biomedical Innovations* to dismiss plaintiff's claim of obstruction of justice predicated upon alleged violations of Ohio Revised Code §§2923.31 and 2923.32); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another.").

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) with the exception of plaintiff's First Amendment access-to-courts claim against defendants Erdos, Edwards, and Mahlman in Count One; plaintiff's Eighth Amendment deliberate-indifference claim against defendants Erdos, Edwards, Mahlman, and Wilson in Count Four; and plaintiff's claim under the First and Fourteenth Amendments against defendants Erdos, Edwards, Mahlman, and Wilson in Count Five for their alleged mishandling of plaintiff's mail.

## II. Plaintiff's Motions

As set forth above, plaintiff has also filed: a motion for temporary restraining order (Doc. 2), which seeks an Order from the Court enjoining defendant Erdos from destroying plaintiff's stored case files and discovery documents at SOCF; motions requesting a copy of his initial complaint and exhibits thereto (Docs. 14 & 15); and a motion to have his complaint served on defendants (Doc. 17).

The undersigned hereby **ORDERS** defendants Erdos, Edwards, and Mahlman to file a response to plaintiff's request for a temporary restraining order (Doc. 2) within **fourteen (14) days** of the date of this Order and Report and Recommendation. **THE CLERK OF COURT IS DIRECTED** to serve, by certified mail, a copy of plaintiff's complaint, as supplemented (Docs. 1, 5 & 11), request for a temporary restraining order (Doc. 2), and this Order and Report and Recommendation upon defendants Erdos, Edwards, and Mahlman, and on the Office of the Attorney General. Upon receipt of a response to this Order, the Court shall determine whether plaintiff is entitled to preliminary injunctive relief.

Further, plaintiff's motions requesting a copy of his initial complaint and exhibits thereto

11

(Docs. 14 & 15) are **GRANTED to the extent** that the **CLERK OF COURT IS DIRECTED** to send plaintiff a file-stamped copy of his original complaint, including the exhibits attached thereto (Doc. 1).

For good cause shown, plaintiff's motion to have his complaint served on defendants (Doc. 17) is **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1), with the exception of plaintiff's First Amendment access-to-courts claim against defendants Erdos, Edwards, and Mahlman in Count One; plaintiff's Eighth Amendment deliberate-indifference claim against defendants Erdos, Edwards, Mahlman, and Wilson in Count Four; and plaintiff's claim under the First and Fourteenth Amendments against defendants Erdos, Edwards, Mahlman, and Wilson in Count Five for their alleged mishandling of plaintiff's mail.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of plaintiff's complaint, as supplemented (Docs. 1, 5 & 11), summons, and this Order and Report and Recommendation upon defendants Erdos, Edwards, Mahlman, and Wilson.

2. Defendants Erdos, Edwards, and Mahlman are **ORDERED** to file a response to plaintiff's request for a temporary restraining order (Doc. 2) within **fourteen (14) days** of the date of this Order and Report and Recommendation. **THE CLERK OF COURT IS DIRECTED** to serve, by certified mail, a copy of plaintiff's complaint, as supplemented (Docs. 1, 5 & 11), request for a temporary restraining order (Doc. 2), and this Order and Report and Recommendation upon defendants Erdos, Edwards, and Mahlman, and on the Office of the

Attorney General. Upon receipt of a response to this Order, the Court shall determine whether plaintiff is entitled to preliminary injunctive relief.

3. Plaintiff's motions requesting a copy of his initial complaint and exhibits thereto (Docs. 14 & 15) are **GRANTED to the extent** that the **CLERK OF COURT IS DIRECTED** to send plaintiff a file-stamped copy of his original complaint, including the exhibits attached thereto (Doc. 1).

4. Plaintiff's motion to have his complaint served on defendants (Doc. 17) is **GRANTED**.

5. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

6. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

Date: 9/10/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN PEROTTI,
    Plaintiff,

vs

CHIEF INSPECTOR ROGER WILSON, et al.,
    Defendants.

Case No. 1:18-cv-482

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).