# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN PEROTTI, et al.,
   Plaintiffs,

vs

CHIEF INSPECTOR ROGER WILSON, et al.,
   Defendants.

Case No. 1:18-cv-482

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

In July 2018, plaintiff John Perotti, an inmate at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, filed this civil rights action against Ohio Department of Rehabilitation and Correction (ODRC) Chief Inspector Roger Wilson, and SOCF employees Warden Ron Erdos, Administrative Assistant Ron Edwards, and Institutional Inspector Linnea Mahlman for alleged violations of Perotti's constitutional rights. (Doc. 1; *see also* Docs. 5, 11 (supplementing complaint)). Perotti also filed, in relevant part, a Motion for Temporary Restraining Order, seeking an order from this Court enjoining defendant Erdos from destroying stored case files and discovery documents belonging to Perotti. (Doc. 2). Perotti paid the filing fee. (Doc. 16).

On September 11, 2018, the Court issued an Order and Report and Recommendation, concluding that at this stage of the proceedings, without the benefit of briefing, certain First, Eighth, and Fourteenth Amendment claims could proceed. (Doc. 18, at PageID 141). It was recommended, however, that the remaining claims be dismissed for failure to state a claim for relief. (Doc. 18, at PageID 141-46). Further, the undersigned ordered defendants Erdos, Edwards, and Mahlman to respond to the motion for a temporary restraining order. (Doc. 18, at PageID 146). The Order and Report and Recommendation is currently pending before the District Court.

Prior to defendants filing a response to the complaint, Perotti filed an amended complaint, adding: SOCF inmate Peter Ortiz as a plaintiff, SOCF employee "C/O Jenkins" as a defendant, a new claim against defendant Jenkins challenging an ODRC policy governing an inmate's possession of legal documents belonging to another inmate, and a new sub-claim for the alleged loss of personal property. (Doc. 24). The amended complaint also modifies a retaliation claim that the undersigned recommended be dismissed in the previously noted Order and Report and Recommendation. (*See* Doc. 24, at PageID 271-73).

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). *See also Broyles v. Correctional Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009). The amended complaint in this action supersedes the original complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009).

This matter is now before the Court for a *sua sponte* review of the amended complaint to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b). Also, before the Court are Perotti's motion for a temporary restraining order (Doc. 2), which is now ripe for disposition (*see* Docs. 23, 29), Ortiz's motion to proceed in forma pauperis (Doc. 25), and defendants Wilson, Erdos, Edwards, and Mahlman's motions for leave to answer Perotti's initial complaint out of time (Doc. 30) and to strike the amended complaint (Doc. 31).

2

## I. The Amended Complaint

### A. Allegations

In Count One, purportedly brought under the First, Fourth, Eighth, and Fourteenth Amendments, Perotti alleges that he is a certified paralegal and writ writer and is litigating numerous civil cases. He asserts that between 1978 and 2003 officials at SOCF permitted him to store active legal files that would not fit in his cell in a property room. He further asserts that between 2004 and 2016, while he was in federal custody, he was permitted to store his active legal files in a legal locker. According to Perotti, upon his subsequent return to state custody, officials at the Mansfield Correctional Institution (ManCI) permitted him to store legal files that would not fit in his cell in a locked supply closet. He alleges that in April 2018 his security was increased and he was transferred to SOCF. Perotti claims that he was initially permitted to keep one tub of active legal files in his cell and two tubs in the property room. He claims, however, that defendants Erdos, Edwards, and Mahlman later informed him that his "active case files" would no longer be stored in the property room and that Perotti would have to mail out the files or they would be destroyed. Perotti asserts that he has no family members to whom he can send the documents and that without the documents he will lose his lawsuits and writs. He further alleges that defendants are retaliating against him for his "past and present litigations." (Doc. 24, at PageID 269-70).

In Count Two, purportedly brought under the First and Fourteenth Amendments, Perotti alleges that, because he was involved in prior federal litigation against SOCF staff, all dating prior to 2006, he has been retaliated against through the confiscation of personal property and legal papers, email restrictions, co-pay charges to replace medications that were confiscated,

3

conduct violations, and the denial of access to the SOCF law library. Perotti further alleges that SOCF staff are perjuring themselves on a "Nepotism Clause," and that defendants "Watson" and Mahlman placed him on a ninety-day grievance restriction in retaliation for the previous federal litigation and trying to comply with the PLRA's exhaustion requirements. (Doc. 24, at PageID 271-73).

In Count Three, Perotti alleges that defendants Mahlman, Erdos, Edwards, and Wilson subjected him to cruel and unusual punishment by allegedly denying him his CPAP machine (allegedly prescribed to Perotti in 2015 for sleep apnea), withholding distilled water and an electrical cord needed to operate the CPAP machine, placing him in a cellblock that does not allow electrical devices, and, when he complained about not having electricity, placing him in a cellblock that does not have electrical outlets in the cells. Perotti also alleges that his personal CPAP machine that he had while incarcerated at ManCI was not transferred with him to SOCF or "sent to his friend outside." (Doc. 24, at PageID 274).

In Count Four, purportedly brought under the First, Fourth, Eighth, and Fourteenth Amendments, Perotti alleges that he made a public records request to the Ohio Board of Nursing "to check possible licensing and/or disciplinary charges against SOCF nurses." Perotti alleges that on or about June 14, 2018, "C/O Madarsi," who is not named as a defendant, opened the material Perotti received from the Ohio Board of Nursing without treating it as legal mail. Perotti further alleges that C/O Madarsi classified the material as "nuisance contraband." (Doc. 24, at PageID 275).

Perotti further alleges that defendants had him placed in the "hole" and delayed giving him a contraband withholding form until June 28, 2018, which "was four days after the required

4

tim[e] limit in which to dispose of the 'contraband' item by returning it to the sender." Perotti further alleges that defendants took the confiscated material and gave it to the nursing staff at SOCF. Perotti contends that he was deprived of a formal appeal procedure and that his attempts at emergency appeals were unsuccessful. (Doc. 24, at PageID 275).

In Count Five, Perotti and Ortiz allege that when Perotti left certain of Ortiz's prison grievances with an SOCF library clerk to be copied, defendant Jenkins improperly confiscated the grievances and issued Perotti a conduct report for violating a ODRC policy that prohibits an inmate from possessing legal papers belonging to another inmate. Perotti and Ortiz allege that the policy is unconstitutionally vague and inapplicable to inmates who are co-plaintiffs in a lawsuit. (Doc. 24, at PageID 275-76).

For relief, Perotti and Ortiz seek monetary, declaratory, and injunctive relief. (Doc. 24, at PageID 276-77).

**B. Analysis**

At this stage of the proceedings, without the benefit of briefing by the parties, the undersigned concludes that Perotti may proceed on his First Amendment access-to-courts claim against defendants Erdos, Edwards, and Mahlman in Count One; his Eighth Amendment deliberate-indifference claim against defendants Erdos, Edwards, Mahlman, and Wilson in Count Three; and his claim under the First and Fourteenth Amendments against defendants Erdos, Edwards, Mahlman, and Wilson in Count Four for their alleged mishandling of Perotti's mail. These claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(A)(b). However, with the exception of Count Five, which should be dismissed without prejudice to refiling in a separate lawsuit should Perotti and Ortiz choose to pursue this

5

claim, the remaining claims in the amended complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

First, any claim of Perotti and/or Ortiz against any defendant in an official capacity must be dismissed to the extent that plaintiffs seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663. A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiffs seek monetary damages.

Next, Count One should be dismissed as to defendant Wilson because Perotti has not

alleged any facts suggesting that Wilson had any involvement in the incidents giving rise to this claim. It is not enough to allege that Wilson denied grievances concerning the alleged handling of Perotti's case files. (*See* Doc. 24, at PageID 270). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, to the extent Perotti complains that Wilson failed to properly respond to his complaints, Perotti fails to state a claim for relief because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

Further, Perotti's Fourth and Eighth Amendment claims set forth in Counts One and Four should be dismissed. As to Perotti's Fourth Amendment claims, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Nor does a Fourth Amendment privacy interest extend to a prisoner's stored property. *See, e.g., United States v. Parr*, No. 04-cr-235, 2006 WL 689133, at *4 (E.D. Wis. Mar. 16, 2006) (finding that prisoner did not have expectation of privacy over property held in storage). As for Perotti's claim regarding his mail, it "is more appropriately considered under the First Amendment." *Horacek v. Grey,* No. 1:09-cv-96, 2010 WL 914819, at *5 (W.D. Mich. Mar. 12, 2010) (quoting *Thomas v. Kramer*, No. 2:08-cv-544, 2009 WL 937272, at *2 (E.D. Cal. Apr. 7, 2009)).

As to Perotti's Eighth Amendment claims, his allegations are insufficient to rise to the level of an Eighth Amendment violation. The Eighth Amendment governs deprivations "of the minimal civilized measure of life's necessities," as measured under a contemporary standard of

decency. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Perotti's allegations regarding the alleged deprivation of his legal files and mail do not rise to this level. *See, e.g., Thomas v. New Mexico Corr. Dep't.*, 272 F. App'x 727, 729-30 (10th Cir. 2008); *Durham v. Dep't of Corr.*, 173 F. App'x 154, 156 (3d Cir. 2006).

Nor does Count One state a Fourteenth Amendment claim. Perotti has not alleged the inadequacy of available post-deprivation remedies. *See Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson*, 468 U.S. at 533. "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under § 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588. For the same reason, Perotti has failed to state a Fourteenth Amendment due process claim in Count Three regarding the alleged mishandling of his personal CPAP machine.

Perotti also has not stated a retaliation claim in Counts One and Two. To state a viable claim of retaliation, a plaintiff must allege facts showing that "(1) he engaged in protected conduct; (2) the defendant[s] took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). It is

well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Ruttler*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.

Even assuming *arguendo* that Perotti has been engaged in protected conduct given his filing of lawsuits, Perotti has not alleged any facts showing a causal connection between the protected activity and any alleged actions by defendants. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). To the extent that Perotti attempts to suggest a retaliatory motive through allegations that the defendants are ignoring continued nepotism at SOCF (*see* Doc. 24, at PageID 273), these conclusory and ambiguous allegations are insufficient to show a retaliatory motive. *See Brandon v. Bergh*, No. 2:08-cv-152, 2010 WL 188731, at *7 (W.D. Mich. Jan. 16, 2010) (finding that ambiguous evidence failed to support retaliation claim). Moreover, the extended period of time between the protected activity (Perotti's litigation activity dating before 2006) and the alleged adverse actions in 2018 negates any inference of causal connection. *Cf. Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (recognizing that in certain circumstances close temporal proximity may give rise to an inference of retaliatory motive).

Moreover, Perotti's claim in Count Two that his First Amendment rights were violated in connection with being placed on restricted access to the grievance procedure should also be dismissed. The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.

2000); *Shehee*, 199 F.3d at 300-01. However, "[t]he Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. 2001); *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001)). The right to file institutional grievances without being subject to retaliation extends only to the filing of non-frivolous grievances and "an ordinary person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker*, 128 F. App'x at 445-46. Accordingly, Perotti has failed to state a claim upon which relief may be granted to the extent that he alleges a First Amendment violation in connection with being placed on restricted access to the grievance process.

Additionally, to the extent that Perotti attempts to allege a Fourteenth Amendment claim in Count Two, or a retaliation claim in Count Three, he has not alleged sufficient facts to do so. *See Twombly*, 550 U.S. at 555 (stating that a complaint must provide more than "labels and conclusions").

In Count Five, Perotti and Ortiz allege that newly added defendant Jenkins improperly confiscated grievances belonging to Ortiz and issued Perotti a conduct report based upon a ODRC policy that prohibits one inmate from possessing legal papers belonging to another inmate. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

10

20(a)(2). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Count Five is not sufficiently related to the other claims in this action. It is the sole claim involving defendant Jenkins and plaintiff Ortiz. Moreover, it arises out of a separate occurrence and involves distinct questions of law and fact. Count Five should therefore be dismissed without prejudice and defendant Jenkins should be dismissed from this case. Should Perotti or Ortiz wish to seek relief on this claim in this Court they may file a new action and seek leave to proceed *in forma pauperis* or pay the filing fee required to commence a civil action. *See* Fed. R. Civ. P. 21.

Finally, the request for relief in the amended complaint seeks a declaration that the alleged actions of defendants violated the "American under Disability Act" and Ohio state law. (Doc. 24, at PageID 276). However, none of the claims in the amended complaint plead that defendants have violated the American with Disabilities Act (ADA), the federal statute to which the Court understands plaintiffs to be referring, or Ohio state law. As such, neither Perotti nor Ortiz are entitled to any relief under the ADA or Ohio state law.

Accordingly, in sum, the amended complaint (Doc. 24) should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) with the exception of Perotti's First Amendment access-to-courts claim against defendants Erdos, Edwards, and Mahlman in Count One; Perotti's Eighth Amendment deliberate-indifference claim against defendants Erdos, Edwards, Mahlman, and Wilson in Count Three; Perotti's claim under the First and Fourteenth Amendments against

defendants Erdos, Edwards, Mahlman, and Wilson in Count Four for their alleged mishandling of Perotti's mail; and Perotti and Ortiz's joint claim in Count Five, which should be dismissed without prejudice to refiling in a separate lawsuit should they choose to pursue this claim.

## II. Perotti's Motion for Temporary Restraining Order

As set forth above, Perotti has filed: a motion for temporary restraining order (Doc. 2), which seeks an Order from the Court enjoining defendant Erdos from destroying stored case files and discovery documents belonging to Perotti. Defendants Erdos, Edwards, and Mahlman have filed a response to the motion (Doc. 23), and Perotti has filed a reply (Doc. 29).

In determining whether to issue a temporary restraining order/preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly

demand it. *Leary*, 228 F.3d at 739.

The Court finds that Perotti has not alleged facts sufficient to warrant a temporary restraining order. Perotti has failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims. Furthermore, Perotti's allegations fail to demonstrate that he will suffer irreparable harm absent a preliminary injunction. Perotti claims that "active discovery and case files" from two cases, *Perotti v. Serby*, No. 1:15-cv-00534 (D. Colo.), and *Perotti v. Malatinski*, No. 05-60172 (E.D. Mich.),[1] are subject to destruction. (Doc. 2, at PageID 76-77). However, Case No. 1:15-cv-00534 is currently on appeal, and Perotti has failed to specify what documents he needs to pursue the appeal in that case.[2] Similarly, Perotti has failed to specify which documents he needs to pursue his action in Case No. 05-60172, which now is proceeding against a single defendant, or that the documents, which he claims are "mainly medical records" (Doc. 2, at PageID 77), are not capable of reproduction.[3] Moreover, the docket sheets from these cases show that Perotti has been able to file documents in both cases, even after he claims that he was ordered to mail out his discovery documents. (Doc. 2, at PageID 76). *See Perotti*, No. 1:15-cv-00534 (Docs. 219, 223, 227, 228, 230, 235); *Perotti*, No. 05-60172 (Doc. 258). Nor is it clear from Perotti's amended complaint, which alleges that certain of his personal property was mailed to a friend (Doc. 24, at PageID 274), that he is without someone to send the documents in

---

[1] In his reply in support of his motion for a temporary restraining order, Perotti also mentions an Indiana case and three habeas corpus cases for which he purportedly is being denied access to his case files. (Doc. 29, at PageID 347). Perotti, however, does not give the case numbers for these cases; nor does he indicate how defendants' alleged actions have affected those cases.

[2] Indeed, the District Judge in the Colorado case denied a similar motion by Perotti for a temporary restraining order after noting, among other things, that Perotti had failed to indicate how his appeal would be prejudiced absent the legal documents and/or discovery at issue. *Perotti*, No. 1:15-cv-00534 (Doc. 236, at pp. 2-3, 25) (attached as an Exhibit to Doc. 29).

[3] It appears from an exhibit to Perotti's motion for a temporary restraining order that copies of at least some of his medical records were obtained from the ODRC. (*See* Doc. 5, at PageID 97).

13

question.

As Perotti has failed to show that he will likely prevail on the merits or suffer irreparable injury unless the Court issues a preliminary injunction, it is **RECOMMENDED** that Perotti's request for a temporary restraining order (Doc. 2) be **DENIED.**

### III. Ortiz's Motion for *In Forma Pauperis* Status

As the filing fee has been paid in this case (Doc. 16), it is **RECOMMENDED** that Ortiz's motion to proceed *in forma pauperis* (Doc. 25) be **DENIED as moot**.

### IV. Motions of Defendants Wilson, Erdos, Edwards, and Mahlman

The undersigned first addresses the motion (Doc. 30) of defendants Wilson, Erdos, Edwards, and Mahlman to file an answer out of time to Perotti's initial complaint. Under Fed. R. Civ. P. 15(a), a defendant's time to answer is renewed upon the filing of an amended complaint. *See* Fed. R. Civ. P. 15(a)(3). Given the filing of the amended complaint (Doc. 24), the Court should **DENY as moot** the motion (Doc. 30) to file an answer out of time to the initial complaint. Defendants Wilson, Erdos, Edwards, and Mahlman have fourteen (14) days from the date of this Order and Report and Recommendation within which to respond to the amended complaint (Doc. 24).[4] *See* Fed. R. Civ. P. 15(a)(3).

The undersigned turns next to the motion to strike (Doc. 31) the amended complaint. Defendants Wilson, Erdos, Edwards, and Mahlman assert that the amended complaint (Doc. 24) is a second amended complaint, which cannot be filed absent leave of Court, and that the

---

[4]Even assuming, *arguendo*, that an answer to the initial complaint was required, defendants Wilson, Erdos, Edwards, and Mahlman have established the necessary excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) to allow an answer out of time. *See generally Amick v. Ohio Dep't of Rehab. & Corr.*, 2011 WL 4055246, at *2 (S.D. Ohio Sept. 8, 2011).

14

document should be stricken because Perotti failed to obtain permission from the Court prior to filing it. (Doc. 31, at PageID 389). According to defendants Wilson, Erdos, Edwards, and Mahlman, the first amended complaint is found at Docket Entry 11. (Doc. 31, at PageID 389). However, the document filed at Docket Entry 11 essentially presents the claims in the initial, handwritten complaint (Doc. 1) in a typed format. The complaint filed at Docket Entry 11 is therefore more properly construed as a supplemental complaint, with the most recent complaint (Doc. 24) constituting a first amended complaint for purposes of Fed. R. Civ. P. 15(a).[5] The Court should therefore **DENY** the motion to strike the amended complaint. (Doc. 31).

**IT IS THEREFORE RECOMMENDED THAT:**

The amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) with the exception of Perotti's First Amendment access-to-courts claim against defendants Erdos, Edwards, and Mahlman in Count One; Perotti's Eighth Amendment deliberate-indifference claim against defendants Erdos, Edwards, Mahlman, and Wilson in Count Three; Perotti's claim under the First and Fourteenth Amendments against defendants Erdos, Edwards, Mahlman, and Wilson in Count Four for their alleged mishandling of Perotti's mail; and Perotti and Ortiz's joint claim in Count Five, which should be **DISMISSED without prejudice** to refiling in a separate lawsuit should they choose to pursue this claim. As Count Five, which contains Ortiz's sole claim and the sole claim against defendant Jenkins, is subject to dismissal, Ortiz and Jenkins should be **DISMISSED as parties** to this action.

**IT IS FURTHER RECOMMENDED THAT** Perotti's motion for a temporary

---

[5]Even assuming, *arguendo*, that leave of Court was required to file the amended complaint (Doc. 24), such leave would be warranted at this juncture of the proceedings. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

restraining order (Doc. 2) be **DENIED**, Ortiz's motion to proceed *in forma pauperis* (Doc. 25) be **DENIED as moot**, defendants Wilson, Erdos, Edwards, and Mahlman's motion for leave to answer Perotti's initial complaint out of time (Doc. 30) be **DENIED as moot**, and these defendants' motion to strike (Doc. 31) the amended complaint be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Consistent with the above, Perotti may proceed at this juncture on his First Amendment access-to-courts claim against defendants Erdos, Edwards, and Mahlman in Count One; his Eighth Amendment deliberate-indifference claim against defendants Erdos, Edwards, Mahlman, and Wilson in Count Three; and his claim under the First and Fourteenth Amendments against defendants Erdos, Edwards, Mahlman, and Wilson in Count Four for their alleged mishandling of Perotti's mail. *See* 28 U.S.C. § 1915(A)(b).

2. Perotti shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Perotti shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

Date: 11/6/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN PEROTTI, et al.,
Plaintiffs,

vs

CHIEF INSPECTOR ROGER WILSON, et al.,
Defendants.

Case No. 1:18-cv-482

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).