# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHN PEROTTI, *et al.*, | : | Case No. 1:18-cv-482 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | |
| CHIEF INSPECTOR ROGER WILSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# DECISION AND ENTRY
# ADOPTING THE REPORTS AND RECOMMENDATIONS
# OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 18, 34)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on September 11, 2018, submitted a Report and Recommendation (the "First R&R"). (Doc. 18). Plaintiff John Perotti filed timely objections on September 21, 2018. (Doc. 21).

Subsequently, on September 25, 2018, Plaintiff Perotti filed an amended complaint, which added Peter Ortiz as a plaintiff. (Doc. 24).[1] On November 11, 2018, the Magistrate Judge submitted a second Report and Recommendation (the "Second R&R"). (Doc. 34). Plaintiffs filed untimely objections to the Second R&R on December

---

[1] The amended complaint in this action supersedes the original complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013).

10, 2018.[2] (Doc. 38).

After reviewing the First and Second R&Rs, Plaintiffs' objections, and the record in this case, the Court finds that Plaintiffs' objections are not well-taken.

First, Plaintiffs object to the Second R&R's finding that Plaintiffs Perotti and Ortiz's claims in Count Five should be dismissed without prejudice. (Doc. 38 at 1–5). Count Five, which was added in the amended complaint, alleges that Defendant Jenkins improperly confiscated grievances belonging to Ortiz and issued Perotti a conduct report based upon an Ohio Department of Rehabilitation and Correction policy that prohibits an inmate from possessing legal papers belonging to another inmate. The Magistrate Judge found that the claims in Count Five did not arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action," *see* Fed. R. Civ. P. 20(a)(2), and therefore could not be joined in this action. Plaintiffs argue that that dismissing Count Five without prejudice denies them access to the courts and forces *pro se* plaintiffs to pay the $400.00 filing fee whenever they wish to supplement or amend their complaint. This argument lacks merit and the Court agrees with the Magistrate Judge's finding that "Count Five is not sufficiently related to the other claims in this action." (Doc. 34 at 11). Therefore, dismissal of Count Five without prejudice is appropriate.

---

[2] Plaintiffs filed a motion for extension of time to file objections to the Second R&R on November 21, 2018. (Doc. 37). That motion, which is denied as moot, requested an extension until December 3, 2018. However, even if that motion had been granted, Plaintiffs' December 10, 2018 objections to the Second R&R were untimely.

Second, Plaintiff Perotti objects to the Magistrate Judge's finding that Count One should be dismissed as to Defendant Wilson. Perotti argues that Defendant Wilson should be held liable for the constitutional violations allegedly committed by his subordinates. (Doc. 21 at 2; Doc. 38 at 5–7). Perotti states that he informed Defendant Wilson of ongoing violations and "Wilson took no steps to make it stop, thus he is just as liable as the other defendants." (Doc. 38 at 5). Yet the Report and Recommendation correctly found that (1) the amended complaint fails to allege any facts that Defendant Wilson had any involvement in the incidents giving rise to the claims in Count One; (2) Prison officials whose only role involves "denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior," such as Wilson, cannot be held liable under § 1983, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); and (3) Perotti fails to state a claim for relief against Wilson because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted). Accordingly, the Magistrate Judge properly found that Count One should be dismissed as to Defendant Wilson.

Finally, Perotti argues that the Magistrate Judge erred in recommending the denial of his motion for temporary restraining order and preliminary injunction, which seeks an order from the Court enjoining Defendants Erdos from destroying stored case files and discovery documents belonging to Perotti. (Doc. 38 at 7–10). However, the Court agrees with the Magistrate Judge's analysis that Perotti has not demonstrated a substantial likelihood of success on the merits on his constitutional claims and Perotti's allegations fail to demonstrate the he will suffer irreparable harm absent a preliminary injunction.

3

(Doc. 34 at 12–14). Accordingly, the Court agrees with the Second R&R's finding that Perotti's motion for a temporary restraining order (Doc. 2) should be denied.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that Plaintiff's objections (Docs. 21, 38) should be and are hereby **OVERRULED** and the Reports and Recommendations (Docs. 18, 34) should be and are hereby **ADOPTED** in their entirety.

Accordingly, for the reasons stated above:

1) Pursuant to 28 U.S.C. § 1915A(b)(1), Plaintiff's amended complaint is **DISMISSED with prejudice**, with the exception of:

    a. Plaintiff Perotti's First Amendment access-to-courts claim against Defendants Erdos, Edwards, and Mahlman in Count One;

    b. Plaintiff Perotti's Eighth Amendment deliberate-indifference claim against Defendants Erdos, Edwards, Mahlman, and Wilson in Count Four; and

    c. Plaintiff Perotti's claim under the First and Fourteenth Amendments against Defendants Erdos, Edwards, Mahlman, and Wilson in Count Five for their alleged mishandling of Plaintiff's mail.

2) Plaintiffs Perotti and Ortiz's joint claim in Count Five is **DISMISSED without prejudice** to refiling in a separate lawsuit should Plaintiffs choose to pursue this claim.

3) As Count Five is dismissed, which contains Ortiz's sole claim and the sole claim against Defendant Jenkins, Plaintiff Ortiz and Defendant Jenkins are **DISMISSED as parties** to this action.

4) Plaintiff Ortiz's motion to proceed *in forma pauperis* (Doc. 25) is **DENIED as moot**.

5) Plaintiff Perotti's motion for temporary restraining order (Doc. 2) is **DENIED**.

6) Defendants Wilson, Erdos, Edwards, and Mahlman's motion for leave to answer Plaintiff Perotti's initial complaint out of time (Doc. 30) is **DENIED as moot**.

7) Defendants Wilson, Erdos, Edwards, and Mahlman's motion to strike the amended complaint (Doc. 31) is **DENIED.**

8) Plaintiff's motion for extension of time until 12/3/2018 to file objections to the Report and Recommendation (Doc. 37) is **DENIED as moot**.

**IT IS SO ORDERED.**

Date:     1/18/19

Timothy S. Black
United States District Judge